## Graub v. David, trading as David Brothers

*Samuel M. Brodsky*, for plaintiffs.

*Henry L. Menin*, for defendants.

CATANIA, J., May 23, 1974.—Plaintiffs filed a complaint alleging a cause of action in two separate counts pursuant to Pennsylvania Rule of Civil Procedure 1020. Count 1 is in assumpsit and Count II is in trespass. Defendant, Bentley, filed an answer and

new matter and defendant, Robert David, trad. as David Brothers, filed preliminary objections in the nature of a demurrer averring:

1. The complaint failed to state a cause of action under the laws of the Commonwealth of Pennsylvania.

2. The complaint combines actions in trespass and assumpsit which is improper under the laws of Pennsylvania.

The preliminary objection regarding the combination of trespass and assumpsit actions was subsequently withdrawn.

The alleged cause of action arises out of the following factual situation.

On or about June 30, 1970, defendant, James A. Bentley and Mary M. Bentley, sold to plaintiffs premises 1130 Red Rose Lane, Villanova, Montgomery County, Pa., together with all the plumbing and heating systems pertinent thereto and forming a part thereof, including two 4,500 watt Lovekin electrical hot water heater tanks and systems. Within two years prior to the date of the aforesaid sale of the premises, defendant, David Brothers, sold and installed the hot water heaters in what was then the Bentley home. The installation included the use of cables, wiring and connections which plaintiffs contend were necessary for the proper operation of the tanks making them merchantable and fit for the purposes for which they were intended. After plaintiffs purchased the property, there was a fire which was allegedly caused by the failure to install the proper cables, wiring and connections necessary for the proper operation of the electrical hot water heaters and tanks.

Defendant, David Brothers, contends that no cause of action in assumpsit exists because of the lack of privity of contact between it and plaintiffs.

This court believes that if defendant, David Brothers, expressly and impliedly warranted and represented to defendant, Bentley, that the tanks, hot water heater, electrical systems wiring and cables connected thereto were merchantable and fit for the purposes for which they were intended, that said representations and warranties would not extend to plaintiffs who were subsequent purchasers.

The Uniform Commercial Code of October 2, 1959, sec. 2-318, P. L. 1023, sec. 2, 12A PS §2-318, deals with third-party beneficiaries of warranties express or implied and states as follows:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Plaintiffs cite the recent Superior Court case of Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377 (1973), as support for extending the warranty. The Superior Court in Salvador held that an employe of a purchaser who sustains personal injuries may maintain an action in assumpsit against the seller for breach of warranty. The Superior Court felt that such an extension in a horizontal privity case (to whom does the warranty run?) was consistent with the Pennsylvania Supreme Court holding in Kassab v. Central Soya, 432 Pa. 217 (1968), a vertical privity case, in which it was decided that purchasers could sue remote manufacturers for breach of implied warranty.

However, the case before this court involves a different factual situation from the Salvador case. Plaintiffs in this case are not employes of the original purchaser but are subsequent purchasers. The Superior Court in the Salvador case cited Delta Oxygen Co. v.

Scott, 238 Ark. 534, 383 S. W. 2d 885 (Sup. Ct. 1964), in which a breach of warranty was extended to an employe of the purchaser. The Supreme Court of Arkansas did state that its decision would be different if there had been a resale of the product and cited the case of Nelson v. Armour Packing Co., 76 Ark. 352, 90 S. W. 288 (1905), wherein the court stated:

"Unlike covenants as to the title to land, a warranty upon the sale of personal property does not run with the property. There is no privity of contract between the vendor in one sale and the vendees of the same property in subsequent sales. Each vendee can resort, as a general rule, only to his immediate vendor. Boyd v. Whitfield, 19 Ark. 447; Bordwell v. Collie, 45 N. Y. 494."

This court does not believe the Superior Court intended to extend a seller's warranty to subsequent purchasers and we will not do so in this case.

Defendant, David Brothers, also contends that plaintiffs have failed to state a cause of action in trespass under section 402A of the Restatement 2d, Torts, since there is no allegation of the sale of a defective product, only an allegation of negligent service or installation. Plaintiffs allege that the cables, wiring, and connections are just as much a part of the original tank as the tanks themselves, because without them and without proper installation and connections the tanks are of no value and could not operate.

Section 402A of the Restatement 2d, Torts, deals with "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property." The defective condition in this case allegedly is the wiring and cables connected to the new electrical hot water heaters. The existing wires and cables which were used on the old hot water heaters were used on the new heaters.

Plaintiffs contend that the product sold by defend-

ant would include new wiring cables and connectors and the product was, therefore, defective. This issue must be more fully developed at the time of the trial of this case and will not be disposed of preliminarily by this court.

Accordingly, we enter the following

## ORDER

And now, to wit, May 23, 1974, upon consideration of defendant David Brothers' preliminary objections in the nature of a demurrer, and after argument, it is ordered, adjudged and decreed that the said preliminary objections be and the same are hereby disposed of as follows:

1. Plaintiffs fail to state a cause of action in its action of assumpsit against defendant, David Brothers, and defendant's demurrer is sustained.

2. Defendant David Brothers' preliminary objections in the nature of a demurrer regarding plaintiffs' failure to state a cause of action under section 402A of the Restatement of Torts is dismissed at this time.